David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com

Attorneys for Plaintiff,
Nancy Perez,
*for herself and on behalf of all*
*those similarly situated individuals*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Perez,<br>*on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>Advantage Credit, Inc.,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **Fair Credit Reporting Act § 1681 et seq.** |

## CLASS COMPLAINT

COMES NOW, the Plaintiff, Nancy Perez, on behalf of herself and all similarly situated individuals, and alleges the following claims:

## INTRODUCTION

1. This is a consumer class action brought against Defendant Advantage Credit, Inc. ("Advantage") for willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. This lawsuit challenges the manner in which Advantage reports civil judgments in Arizona and the procedures it fails to follow to ensure the maximum

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

possible accuracy of those judgments that are satisfied or similarly resolved through bankruptcy.

2. Plaintiff obtained a copy of her credit report from Advantage and discovered that is was reporting two judgments against Plaintiff in favor of Portfolio Recovery Associates and Capital One Bank, in Lake Pleasant Justice Court from 2011 and 2012. This reporting was inaccurate because both judgments had been discharged in bankruptcy which was filed in 2014 and discharged in 2015. Advantage was also reporting Plaintiff's subsequently filed bankruptcy and therefore had actual knowledge that the information being reported was inaccurate.

**JURISDICTION**

3. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transact business in this district, as such personal jurisdiction is established.

**PARTIES**

5. Plaintiff Nancy Perez is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Maricopa County, Arizona.

6. Defendant Advantage is a Colorado corporation, doing business in Arizona. At all times relevant hereto, it was a consumer reporting agency as defined and governed by the FCRA.

**FACTUAL ALLEGATIONS**

7. Plaintiff is a 65-year old woman.

8. Plaintiff works as a hearing technician for newborn babies and has held this job for approximately a dozen years.

9. Plaintiff also held a job for nearly 8 years as a caregiver until her client recently passed away.

10. Due to her dedication and devotion, her recently deceased client left Plaintiff a considerable inheritance.

11. Plaintiff decided to use that inheritance to purchase her first ever home.

12. In an attempt to purchase a home, Plaintiff contacted a mortgage lender to see if she would qualify.

13. In or around April 2019, Plaintiff ordered a copy of her Advantage credit report as part of the mortgage application process.

14. Plaintiff's mortgage credit score was over 700 and Plaintiff expected to qualify for a mortgage for a home for which she was set to close on May 31, 2019.

15. However, Plaintiff discovered that Advantage was reporting a judgment against her in favor of Portfolio Recovery Associates in Lake Pleasant Justice Court with a status of "NOT SATISFIED" and a "Date Last Seen:" as "5/9/2013."

16. Plaintiff also discovered that Advantage was reporting a judgment against her in favor of Capital One Bank in Lake Pleasant Justice Court with a status of "NOT SATISFIED" and a "Date Last Seen:" as "5/8/2013."

17. Plaintiff was shocked since she had filed for bankruptcy in 2014; case no. 2:14-bk-15543.

18. Both Portfolio Recovery Associates and Capital One Bank were listed as creditors on the Plaintiff's bankruptcy Schedules and received actual notice of Plaintiff's bankruptcy filing.

19. On or about January 27, 2015, Plaintiff was granted a discharge in the United States Bankruptcy Court District of Arizona.

20. Advantage reported Plaintiff's bankruptcy discharge on Plaintiff's mortgage report.

21. Despite having actual knowledge of Plaintiff's bankruptcy filing, Advantage has continued to report the judgments as outstanding on Plaintiff's credit report despite both judgments being discharged over four (4) years ago.

22. In July of 2017, the three national credit reporting agencies discontinued the reporting of civil judgments following a barrage of class action lawsuits related to inaccurate reporting of civil judgments.

23. Non-parties Trans Union, Equifax and Experian all obtained the public record information from non-party Lexis Nexis up to July 2017.

24. Trans Union and Experian have settled their class action lawsuits on a nationwide basis, and each have had their settlements approved.

25. Non-Party Equifax has settled its nationwide class action lawsuits and has received preliminary approval for its proposed settlement terms.

26. Advantage, itself or through a third-party public records vendor (Lexis Nexis appears on the public records report at issue), affirmatively seeks out and purchases public records data, including Arizona civil judgments, to report to the world about Arizonans when it sells their credit files.

27. Advantage proactively gathers and disseminates this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so. The reporting of Arizona civil judgment primarily benefits Advantage's customer base who rely on the credit reporting of these judgments as a collection or credit decision tool.

28. Advantage's actions have caused Plaintiff and the putative class to suffer an injury in fact where Advantage invaded their privacy and maintained and published inaccurate and harmful information about them. At a minimum, Advantage failed to put in place reasonable procedures to assure that the public record information it published about the Plaintiff and the class was maximally accurate.

29. Advantage's actions have caused Plaintiff to suffer actual damages, including loss of credit opportunity, emotional distress, and embarrassment.

# FIRST CAUSE OF ACTION

## CLASS ACTION CLAIM

**Violations of the FCRA, 15 U.S.C. § 1681e(b) – Nancy Perez**

**(Systematic failure to report satisfactions, dismissals, vacaturs and appeals of civil judgments in Arizona)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

All consumers (1) about whom Advantage furnished a consumer report (2) in the five years preceding the date of class certification; (3) that contained a civil judgment in Arizona as unpaid, (4) but which was satisfied, set aside, vacated, appealed, dismissed with prejudice, or discharged in bankruptcy (5) prior to the date of the report.

32. **Numerosity. F**ED**. R. C**IV**. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

33. **Existence and Predominance of Common Questions of Law and Fact. F**ED**. R. C**IV**. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

     a.     Whether Advantage's standard procedures to update Arizona judgments that have been satisfied, vacated, set aside, appealed, dismissed, or discharged in bankruptcy were reasonable;

     b.     Whether Advantage knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

     c.     Whether Advantage's conduct constituted violations of the FCRA.

34. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

35. **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

36. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

37. **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

38. Defendant violated 15 U.S.C. § 1681e(b) as to the Plaintiff and to the Class by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and other Class members.

39. Defendant's violation of § 1681e(b) was willful, rendering the Defendant liable pursuant to 15 U.S.C. § 1681n.

40. The Plaintiff and each Class member suffered an actual injury and loss because of Defendant's violation of § 1681e(b) as alleged herein.

41. The plaintiff and each Class member is entitled to recover statutory damages up to $1,000, punitive damages, costs, and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to § 1681n.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff moves for Class certification and for judgment against the Defendant, as a Class as alleged for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a);

B. Punitive Damages pursuant to 15 U.S.C. § 1681n(a)(2);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 28th day of May 2019.

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*
David A. Chami, AZ #027585
Attorneys for Plaintiff
Nancy Perez,
*for herself and on behalf of all those similarly situated individuals*